UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Howard McLean, # 50759-056, | ) C/A No. 4:10-2671-RMG-TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Mary M. Mitchell, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina. In the Petition filed in this case, Petitioner claims that he has been held in custody for many months longer than he should have been. It is not totally clear from this allegations whether he is complaining about a problem with the Federal Bureau of Prisons' (BOP) calculation of sentencing credits for pre-trial detention or with the BOP's calculation of his sentence *vis a vis* a subsequent state sentence that he claims was supposed to run concurrently with his federal sentence. Whatever his real complaint about his sentence calculation is, he acknowledges that he did not complete the BOP administrative process before filing this § 2241 Petition. He broadly claims that it would be futile to pursue the BOP remedy because they would just support the decision made at the institutional level, but he does not present any kind of back-up facts to support his futility assertion.

Under established local procedure in this judicial district, a careful review has been made of the *pro*

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

*se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Before submitting his Petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this case, Petitioner was required to exhaust his administrative remedies within the BOP with regard to his sentence calculation claim. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *see* 28 C.F.R. §§ 542.10-.16. His unsupported assertion that he did not do so because he believed it would be futile since the upper levels of review would only support the calculation made at the institutional level does not excuse the acknowledged lack of exhaustion in this case.

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. *See* C.F.R. § 542.10, et.

seq. If the inmate receives an adverse answer to some complaint about the manner of execution of his sentence (calculation or otherwise) at the institutional level, the inmate <u>must</u> present his claims to the Regional Director of the Federal Bureau of Prisons AND then to the Office of General Counsel in order to fully exhaust his BOP administrative remedies. 28 C.F.R. § 542.15. Exhaustion of his remedies would have given the upper levels of the BOP an opportunity to correct any problems with the institutional calculation of Petitioner's sentence. Without first presenting his claim to the Regional Director or the General Counsel, Petitioner attempts to short-cut the required process and this cannot be allowed under the circumstances presented here. Although Petitioner claims futility, he presents the Court with no supporting facts such as a listing of previous, similar cases to his in which the BOP routinely denied the claimants' arguments based on an inflexible policy. In short, there is nothing in the record from which the undersigned could make a legal determination on Petitioner's futility argument. *But cf. Murdock v. Gutierrez*, 631 F. Supp. 2d 758, 762-63 (N.D.W. Va. 2007)(futility of exhaustion in light of evidence of inflexible policy of rejecting arguments). Since Petitioner has not established that he exhausted his administrative remedies or that it would be futile to do so, this matter must be dismissed pursuant to 28 U.S.C. 1915(d).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

November <u>12</u>, 2010
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).