IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Howard McLean, ) | Civil Action No. 4:10-cv-2671-RMG-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Mary M. Mitchell, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner filed this petition pursuant to 28 U.S.C. § 2241. Petitioner claims he has been in federal custody longer than he should have been. Petitioner is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C. The Magistrate Judge recommended dismissing Petitioner's claims without prejudice and without service of process. (Dkt. No. 8). Petitioner objected to the R&R. As shown herein, this Court has reviewed the Record *de novo* and agrees with the Magistrate Judge's report.

**Discussion**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This

1

Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Further, in an action where a party is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court has a duty to review allegations of the Complaint as early as practicable to determine if any clear legal bars exist on the face of the Complaint. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (citing § 1915(e)(2)(B)(i)-(ii) and outlining the duties of a district court with respect to *in forma pauperis* cases).

Having reviewed the Record *de novo* and considering the Petitioner's objections, this Court adopts the Magistrate Judge's recommendation. The law is clear, before submitting his Petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this case, Petitioner was required to exhaust his administrative remedies within the BOP with regard to his sentence calculation claim. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); *see* 28 C.F.R. §§ 542.10-.16. Moreover, Petitioner's unsupported assertion that he did not exhaust his administrative remedies because he believed it would be futile since the upper levels of review would only support the calculation made at the institutional level does not excuse the acknowledged lack of exhaustion in this case.

## Conclusion

Accordingly, the Complaint is **dismissed** without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December **7**, 2010
Charleston, South Carolina